283-20155 #1211615

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GUY BARNETT**<br>    **Plaintiff,**<br><br>**VERSUS**<br><br>**HIGHLAND MARINE LLC**<br>    **Defendant,** | **CIVIL ACTION NO: 2:16-cv-15354**<br><br>**Section J(2)**<br><br>**DISTRICT JUDGE**<br>**HON. CARL J. BARBIER**<br><br>**MAGISTRATE JUDGE**<br>**HON. JOSEPH C. WILKINSON, JR.** |

### HIGHLAND MARINE, LLC'S ANSWER
### TO PLAINTIFF'S ORIGINAL COMPLAINT AND
### AMENDED COMPLAINT FOR DAMAGES UNDER THE JONES ACT

**NOW INTO COURT,** through undersigned counsel, comes defendant, Highland Marine, LLC ("Highland Marine" or "defendant") and responds to the Original Complaint and Amended Complaint for Damages Under the Jones Act (hereinafter "Original Complaint" and "Amended Complaint") filed by plaintiff, Guy Barnett, as follows:

### FIRST DEFENSE

The Original Complaint and Amended Complaint fail to state a claim against defendant upon which relief can be granted.

### SECOND DEFENSE

The Original Complaint and Amended Complaint are barred by the applicable period of prescription or statute of limitations, or laches.

**THIRD DEFENSE**

Defendant pleads that there has been insufficient process or insufficient service of process.

**FOURTH DEFENSE**

And now, without waiving any of the foregoing defenses, defendant responds to the allegations of plaintiff's Original Complaint categorically and by paragraph as follows:

1.

The allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

It is admitted that on or about March 5, 2016, defendant owned the M/V FRANK L., and employed plaintiff, Guy Barnett, as a tankerman. The remaining allegations contained in Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

3.

The allegations of Paragraph 3 are denied for lack of sufficient information to justify a belief therein.

4.

The allegations of Paragraph 4 are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 contain conclusions of law and require no response. To the extent that responses are deemed necessary, the allegations in Paragraph 5 are denied.

6.

The allegations of Paragraph 6 are not factual in nature and require no response. The extent a response is deemed necessary, the allegations contained in Paragraph 6 are denied.

7.

The allegations of Paragraph 7 are denied for lack of sufficient information to justify a belief therein.

8.

The allegations of Paragraph 8 are denied for lack of sufficient information to justify a belief therein.

9.

The allegations of Paragraph 9 are denied.

10.

The allegations of Paragraph 10 are denied for lack of sufficient information to justify a belief therein.

11.

The allegations of Paragraph 11 are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 are denied.

13.

The allegations contained in Paragraph 13 contain conclusions of law and require no response. To the extent that responses are deemed necessary, the allegations in Paragraph 13 are denied.

**FIFTH DEFENSE**

And now, without waiving any of the foregoing defenses, defendant responds to the allegations of plaintiff's Amended Complaint categorically and by paragraph as follows:

15.

The allegations of Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 2 are denied for lack of sufficient information to justify a belief therein.

17.

The allegations of Paragraph 3 are not factual in nature and require no response. The extent a response is deemed necessary, the allegations contained in Paragraph 3 are denied.

18.

The allegations of Paragraph 4 are not factual in nature and require no response. The extent a response is deemed necessary, the allegations contained in Paragraph 4 are denied.

**SIXTH DEFENSE**

And now, further answering, defendant denies the allegations of any un-numbered or mis-numbered paragraphs and any allegations contained in the plaintiff's Original Complaint and Amended Complaint which have not been addressed, as well as those allegations contained in the prayers for relief.

**SEVENTH DEFENSE**

Defendant specifically denies that the plaintiff was injured as alleged. Alternatively, defendant pleads the contributory negligence of the plaintiff in mitigation of any recovery. More

specifically, if the plaintiff sustained any illness or injury, which is denied, then said illness or injury was caused by and/or contributed to and/or aggravated by the negligence of the plaintiff in the following particulars, but not limited to:

1. Failure to exercise reasonable and ordinary care under the circumstances;

2. Failure to take proper precautions to avoid the alleged accident;

3. Failure to use safety measures available to prevent the alleged accident; and

4. Any and all other acts of negligence, fault, and/or assumption of the risks which shall be proved at trial.

## EIGHTH DEFENSE

Defendant specifically alleges that plaintiff, Guy Barnett, is not a Jones Act seaman as that term is defined under the Jones Act and the laws of the United States of America.

## NINTH DEFENSE

Defendant avers that the plaintiff was not in the course and scope of employment or in the service of a vessel at the time of the events complained of and therefore plaintiff can have and make no recovery herein.

## TENTH DEFENSE

Plaintiff's injuries, if any, resulted from a condition which was open and obvious to plaintiff.

## ELEVENTH DEFENSE

Further answering the Original Complaint and Amended Complaint, in the alternative, as a separate and distinct defense, defendant avers that if this Court should find that plaintiff sustained any injury or injuries, all of which is denied, and should find that the accident complained herein was caused or contributed to by the negligence of defendant, which is also denied, the same was

also caused or contributed to by the negligence and lack of due care of the part of plaintiff, and defendant specifically pleads such contributory negligence as a bar to this action, or alternatively, in mitigation of the amount of damages legally recoverable.

### TWELFTH DEFENSE

Defendant further avers that if plaintiff sustained any injuries, which is denied, said injuries were caused or brought about by the ordinary normal risks incident to his occupation which were voluntarily assumed by plaintiff and for which defendant herein is in no way responsible.

### THIRTEENTH DEFENSE

Defendant alleges and avers that any injuries and/or damages allegedly sustained by plaintiff as alleged in his Original Complaint and Amended Complaint were caused by the negligence and/or fault of other persons and/or entities for whom this defendant herein is in no way responsible.

### FOURTEENTH DEFENSE

Defendant specifically denies that it owes plaintiff maintenance and cure.

### FIFTEENTH DEFENSE

In the further alternative, defendant alleges and avers that plaintiff has failed to mitigate his alleged damages and recovery herein is mitigated or defeated.

### SIXTEENTH DEFENSE

While denying any liability to plaintiff whatsoever, defendant further avers that the injuries alleged by the plaintiff were caused in whole or in part by the fault, acts, negligence, or omissions of a third-party or parties over whom defendant exercises no control or supervision and for whom defendant has no responsibility or liability, such parties being solely and/or concurrently at fault or negligent, and in the event that it is determined that the plaintiff is entitled to recover from

defendant, which is denied, the plaintiff's recovery should be reduced in proportion to the degree or percentage of negligence or fault of such third-parties.

**SEVENTEENTH DEFENSE**

Defendant avers that any damages allegedly sustained by the plaintiff were the result of intervening and/or superseding acts and/or causes which were the proximate and/or sole causes of those alleged damages, and for which defendant or any other person, party, or entity for which defendant would be responsible, were not responsible.

**EIGHTEENTH DEFENSE**

In the alternative, subject to and without waiving the foregoing, defendant specifically contends that defendant had no duty to provide plaintiff with a seaworthy vessel, and/or that such vessel was seaworthy in all manners and/or that defendant provided plaintiff with a seaworthy vessel.

**NINETEENTH DEFENSE**

Defendant would show that if plaintiff were injured, which is specifically denied, such injury was caused by equipment and/or in an area over which defendant had no control or authority.

**TWENTIETH DEFENSE**

While denying any liability to plaintiff whatsoever, in the alternative, defendant avers that the incident made the basis of this lawsuit and the damages allegedly sustained by the plaintiff were neither caused by nor contributed to by the defendant, but rather resulted from a fortuitous event as that term is defined by law.

**TWENTY-FIRST DEFENSE**

Defendant avers that plaintiff is not qualified for maintenance and cure benefits under the U.S. Fifth Circuit's decision in *McCorpen v. Cent. Gulf S.S. Corp.*, 396 F.2d 547 (5th Cir. 1968).

**TWENTY-SECOND DEFENSE**

Defendant has fulfilled any and all duties it owes to the plaintiff.

**TWENTY-THIRD DEFENSE**

Plaintiff's damages, if any, arose as the result of a pre-existing and/or subsequently developing physical and/or mental condition which was neither caused nor aggravated by any act or omission of defendant, thus barring or mitigating any recovery by plaintiff herein

**TWENTY-FOURTH DEFENSE**

Defendant avers that plaintiff's pre-existing and known medical condition was willfully concealed from defendant, and, as such, defendant does not owe plaintiff or any other party any sums to compensate plaintiff for his medical expenses.

**TWENTY-FIFTH DEFENSE**

Plaintiff's alleged injuries, which are specifically denied, were in no way caused by any negligence on the part of defendant or its employees, agents, contractors, subcontractors, hired hands, or temporary laborers. Rather, to the extent that plaintiff suffered any injuries, such injuries were caused solely by normal work for which defendant is in no way responsible.

**TWENTY-SIXTH DEFENSE**

Defendant alleges that the plaintiff has reached maximum medical improvement, terminating his right to maintenance and cure payments and that any further or additional proposed cure is palliative as opposed to curative and therefore, defendant has no obligation relative to plaintiff's maintenance and cure demand.

**TWENTY-SEVENTH DEFENSE**

Defendant is entitled to a set off for any and all maintenance and cure, advances on settlement, wages and any and all other allowances paid to plaintiff.

**TWENTY-EIGHTH DEFENSE**

Defendant denies that it or anyone for whom it may be responsible is liable for any negligence, unseaworthiness, strict liability, want of due care, or other legal fault constituting a proximate cause of the alleged incident.

**TWENTY-NINETH DEFENSE**

The negligence or other fault of plaintiff was a proximate or producing cause of his alleged injuries. Plaintiff failed to exercise ordinary care as would a person in the same or similar circumstances would have.

**THIRTIETH DEFENSE**

Plaintiff's alleged injuries were pre-existing, otherwise unrelated to the alleged incident or attributable to a subsequent event.

**THIRTY-FIRST DEFENSE**

Defendant affirmatively avers that as vessel owner it satisfied its duties and responsibilities, if any, to plaintiff and affirmatively avers that any hazard encountered by the plaintiff was open and obvious. Therefore, defendant owed no legal duty or had responsibility for plaintiff.

**THIRTY-SECOND DEFENSE**

Defendant avers that no warranty of seaworthiness was owed to plaintiff, or if any such warranty was owed, which defendant disclaims, defendant denies that there was any unseaworthiness for which defendant would be responsible constituting a proximate cause of the alleged incident.

**THIRTY-THIRD DEFENSE**

Plaintiff has no evidence to raise a genuine issue of material fact on one or more elements of any claim on which he has the burden of proof.

**THIRTY-FOURTH DEFENSE**

It is plaintiff's burden to prove that his medical procedures and medical expenses were reasonable and necessary.

**THIRTY-FIFTH DEFENSE**

Defendant avers that any and all injuries allegedly sustained by plaintiff, Guy Barnett, occurred without its privity or knowledge and that the amount of damages sued for by the plaintiff exceeds the value of defendant's interest in any vessel. Accordingly, defendant invokes the benefit of provisions of the United States Code, Revised Statutes of the United States of America and all acts amended thereof and supplement thereto in limitation of the liability of ship owners, and in particular, the ship owners limitation of liability, 46 U.S.C. § 30501, *et seq*.

**THIRTY-SIXTH DEFENSE**

Defendant reserves the right to supplement, amend, or modify its affirmative defenses and answer to conform to such facts as may be revealed in discovery or otherwise.

**WHEREFORE,** the premises considered, defendant, Highland Marine, LLC, prays that this, its Answer be deemed good and sufficient and, that after due proceedings be had, there be judgment herein in favor of defendant, Highland Marine, LLC, and against plaintiff, Guy Barnett, dismissing the Original Complaint and Amended Complaint for Damages Under the Jones Act at

plaintiff's costs, and that defendant, Highland Marine, LLC, be granted such other and further relief as equity and the justice of the cause may require and permit.

Respectfully submitted:

*/s/ Salvador J. Pusateri*
Salvador J. Pusateri T.A. (#21036)
Rowen A. Fricker (#33135)
PUSATERI, BARRIOS, GUILLOT & GREENBAUM
1100 Poydras Street
Energy Centre – Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2500
Facsimile: (504) 620-2510
Salvador.Pusateri@pbgglaw.com
Rowen.Fricker@pbgglaw.com
ATTORNEYS FOR HIGHLAND MARINE, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of October, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

*/s/ Salvador J. Pusateri*